AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

BERWIN R. MARIUS,

*Petitioner*

v.

WARDEN, FCC COLEMAN – CAMP,

*Respondent*
*(name of warden or authorized person having custody of petitioner)*

Case No. 5:24-Cv-463-SPC-PRL
*(Supplied by Clerk of Court)*

FILED - USDC - FLMD - OCA
AUG 30 2024 AM11:08

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Berwin Robert Marius
   (b) Other names you have used: N/A
2. Place of confinement:
   (a) Name of institution: Federal Correctional Complex Coleman Camp
   (b) Address: 846 NE 54th Terrace
        Sumterville, FL 33521
   (c) Your identification number: 08115-104
3. Are you currently being held on orders by:
   ☒ Federal authorities     ☐ State authorities     ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: United States District Court
          Southern District of Florida       Miami, FL
      (b) Docket number of criminal case: 15-20529-CR-LENARD
      (c) Date of sentencing: 06/29/2016
   ☐ Being held on an immigration charge
   ☐ Other *(explain):*

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain)*:


6.    Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: Warden, FCC Coleman - Camp
    Federal Correctional Complex Coleman Camp     Coleman, FL

(b) Docket number, case number, or opinion number: Remedy ID: 1175201-F1

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
    Marius is challenging his eligibility for First Step Act credits and their
    applicability to aggregated sentences. Specifically, upon completion of a
    924(c) sentence.

(d) Date of the decision or action: 09/29/2023

### Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes            ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Regional Director of the Southeast
    Regional Office of the Federal Bureau of Prisons (BP-10)

(2) Date of filing: 10/01/2023

(3) Docket number, case number, or opinion number: Remedy ID: 1175201-R1

(4) Result: Denied

(5) Date of result: 03/14/2024; Received by Marius on 06/12/2024

(6) Issues raised: Please see attached exhibit of the aforementioned Regional
    Administrative Remedy Appeal for the argument and the issues raised
    pertinent to this appeal.


(b) If you answered "No," explain why you did not appeal:

N/A

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☒ Yes            ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:  Office of General Counsel of the Federal Bureau of Prisons (Central Office) (BP-11)

(2) Date of filing:  06/24/2024

(3) Docket number, case number, or opinion number:  Remedy ID:117502-A2

(4) Result:  Denied

(5) Date of result:  07/24/2024

(6) Issues raised:  Please see attached exhibit of the Central Office Administrative Remedy Appeal (BP-11) for the argument and issues raised pertinent to this appeal.

(b) If you answered "No," explain why you did not file a second appeal:

N/A

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☑ Yes        ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:  United States District Court for the Eleventh Circuit, Middle District of Florida, Ocala Division

(2) Date of filing:  N/A

(3) Docket number, case number, or opinion number:    N/A

(4) Result:    N/A

(5) Date of result:  N/A

(6) Issues raised:  Please refer to the arguments and issues raised in the attached exhibits (BP-10 & BP-11). Furthermore, please refer to the grounds contained herewith.

(b) If you answered "No," explain why you did not file a third appeal:

N/A

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes            ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes            ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court:                    N/A
(2) Case number:                      N/A
(3) Date of filing:                   N/A
(4) Result:                           N/A
(5) Date of result:                   N/A
(6) Issues raised:                    N/A

(b)     Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes               ☒ No
If "Yes," provide:
(1) Name of court:                    N/A
(2) Case number:                      N/A
(3) Date of filing:                   N/A
(4) Result:                           N/A
(5) Date of result:                   N/A
(6) Issues raised:                    N/A

(c)     Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

                                      N/A

11.     **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes               ☒ No
If "Yes," provide:
(a)     Date you were taken into immigration custody: N/A
(b)     Date of the removal or reinstatement order:   N/A
(c)     Did you file an appeal with the Board of Immigration Appeals?
        ☐ Yes               ☒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing:                     N/A

(2) Case number:                N/A

(3) Result:                           N/A

(4) Date of result:                N/A

(5) Issues raised:               N/A

(d)     Did you appeal the decision to the United States Court of Appeals?

☐ Yes               ☒ No

If "Yes," provide:

(1) Name of court:            N/A

(2) Date of filing:             N/A

(3) Case number:             N/A

(4) Result:                         N/A

(5) Date of result:           N/A

(6) Issues raised:            N/A

12.     **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes               ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application:   N/A

(b) Name of the authority, agency, or court:   N/A

(c) Date of filing: N/A

(d) Docket number, case number, or opinion number:   N/A

(e) Result:         N/A

(f) Date of result: N/A

(g) Issues raised:   N/A

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Petitioner is seeking eligibility for FSA Earned Time Credits for his underlying drug offense. He is being prohibited from receiving such credits due to his consecutive sentence of a 924(c). However, Petitioner has completed his time for the consecutive offense and is seeking relief pursuant to case law precedent governing this issue.

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

See memorandum of law attached detailing the program statement governing FSA eligibility indicating that a 924(c) does not automatically disqualify an inmate from receiving FSA credits, just that it cannot be earned while serving a sentence of said disqualifying offense. Furthermore, the memorandum also includes pertinent case law from the District and Supreme Courts ruling in favor of inmates dealing with this exact same issue.

(b)  Did you present Ground One in all appeals that were available to you?

☒ Yes                    ☐ No

**GROUND TWO:**

N/A

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

N/A

(b)  Did you present Ground Two in all appeals that were available to you?

☐ Yes                    ☐ No

**GROUND THREE:**

N/A

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

N/A

(b)  Did you present Ground Three in all appeals that were available to you?

☐ Yes                    ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

N/A

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes          ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

N/A

## Request for Relief

15. State exactly what you want the court to do: Petitioner is respectfully requesting the court grant his eligibility for First Step Act Earned Time Credits to be applied to his underlying nonviolent drug offense.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

August 25, 2024

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 08/25/2024

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BERWIN MARIUS,

    Petitioner,

v.

                                            Case No. T.B.D.

WARDEN, FCC COLEMAN – CAMP,

    Respondent.

_____/// 

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241

    Comes now, Berwin Marius, pro se, incarcerated petitioner, pursuing relief through this Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241 seeking eligibility for First Step Act Earned Time Credits for his underlying drug offense. As an initial matter, Petitioner invokes the right to the liberal pleading and construance doctrine expressed in Estelle v. Gamble, 429 U.S. 97 (1976). See also United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), Haines v. Kerner, 404 U.S. 519 (1972), and Tannebaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). The claim  raised in Petitioner's motion sanctioned under 28 U.S.C. §2241 must be taken as true and construed in a light most favorable to Petitioner. See Bower v. County of Inyo, 489 U.S. 593, 598 (1989), Williams v. Russo, 636 Fed. Appx. 527 (11th Cir. 2016).

    The crux of the issue being raised is Petitioner is being prohibited from receiving First Step Act (FSA) Earned Time Credits due to his consecutive sentence of a 924(c). This Petition seeks relief from the continued confinement on the underlying drug offense following the completion of the 18 U.S.C. §924(c) sentence. Recent Supreme Court (SCOTUS) rulings, including the Chevron Doctrine and Loper Bright Enterprises v. Raimondo, directly impact the validity and application of the FSA credits to Petitioner's case.

-1-

## BACKGROUND

1.) Petitioner was convicted of the following charges:
   - Possession with intent to distribute a detectable amount of cocaine base, 21 U.S.C. §841(a)(1);
   - Possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. §924(c)(1)(A)(i);

2.) Petitioner was sentenced to 181 months, which included a 60 month consecutive term for the count in violation of 18 U.S.C. §924(c)(1)(A)(i);

3.) Petitioner has completed said consecutive sentence for his 18 U.S.C. §924(c) offense as of 2019;

4.) Petitioner seeks relief on the underlying drug offense sentence by way of eligibility for FSA Earned Time Credits.

## JURISDICTION

This Court has jurisdiction over this matter as Petitioner files this motion pursuant to 28 U.S.C. §2241 as it challenges how Petitioner's sentence is being carried out, calculated, or credited by prison or parole authorities. This includes the proper calculation and application of FSA Earned Time Credits.

## LEGAL ARGUMENT

### A.) APPLICATION OF FIRST STEP ACT EARNED TIME CREDITS

The First Step Act of 2018 allows eligible inmates in federal custody to earn credits towards his/her sentence and halfway house/ home confinement placement for participation of and in evidence based recidivism reduction programs (EBRR) and other productive activities. Petitioner has been earning said credits since the inception of the First Step Act, but was ineligible due to his 924(c) charge. However, Petitioner has completed his sentence for the 924(c) charge and the Bureau of Prisons (BOP) has failed to apply said credits correctly to the underlying drug offense which is eligible for FSA credits.

### B.) IMPACT OF SCOTUS RULINGS

- **Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.**, 467 U.S. 837 (1984)

Under the Chevron Doctrine, courts typically defer to a federal agency's interpretation of ambiguous statutory language if it is "reasonable". However, in the recent SCOTUS decision in Loper Bright Enterprises v. Raimondo, the Supreme Court clarified the limits of the Chevron deference, striking down precedent that has been in place for 40 years, especially in cases where the agency's interpretation has a substantial impact on individual rights.

- **Loper Bright Enterprises v. Raimondo**, 603 U.S. ____, No. 22-451 (June 28, 2024)

The Supreme Court ruling in this above referenced case emphasizes that deference to an agency's interpretation is not warranted when it negatively affects fundamental rights. A petitioner can now seek to invalidate agency action simply by showing the agency's interpretation of its statute is not the best one. It is no longer enough for the agency to argue that its interpretation is "reasonable". In Petitioner's case, the BOP's failure to apply FSA credits to the underlying drug offense sentence constitutes an unreasonable and adverse interpretation of the First Step Act, violating Petitioner's rights.

## DISCUSSION

The matter in question is whether or not Petitioner is eligible to receive FSA credits applied to his underlying drug offense. The institution in which Petitioner is incarcerated, the Regional Office, and the Central Office all concur that Petitioner is ineligible for FSA credits as his conviction of a §924(c) offense precludes him from eligibility. They further claim that this preclusion applies to Petitioner's entire commitment, not the individual terms of imprisonment (See attached Central Office response). However, given the Supreme Court's stance in its recent decision pursuant to Loper Bright Enterprises v. Raimondo, the BOP's interpretation of its program statements and law relevant to this issue are incorrect.

In the Central Office's response to Petitioner's BP-11, the National Inmate Appeals Administrator states, "An eligible prisoner means the prisoner is not currently serving a sentence for a conviction that is on the list of ineligible offenses as listed in the FSA and 18 U.S.C. §3632(D)(4)(D)." While it is true

that an inmate is ineligible for FSA credits when serving a sentence for a §924(c), however, Petitioner completed his §924(c) sentence in 2019. Petitioner argues that his sentence imposed for violating 18 U.S.C. §924(c) is the more serious of his two convictions and therefore should be presumed that he served this sentence first. See Jackson v. United States, 976 F.2d 679, 1992 U.S. App. LEXIS 28484 (11th Cir. 1992) ("Congress intended that the five year non-parolable [§924(c)] sentence be served first, followed by the sentence for the underlying offense and the terms should not be served concurrently."). Petitioner further argues that he has completed serving the 60 month sentence on his §924(c) conviction and is now currently serving his sentence on the underlying drug offense. Because his drug offense is not exempted from eligibility, Petitioner argues that he should be eligible to earn FSA credits now.

The Central Office goes on to state, "Pursuant to Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and the provisions of Title 18 U.S.C. §3584(c), multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for **administrative purposes** as a single, aggregate term of imprisonment." Therefore, the BOP considers Petitioner to still be serving his sentence for his violation of §924(c). However, the BOP's interpretation of the program statement and federal statute are inaccurate. The provisions of Title 18 U.S.C. §3584 deal with the computation of "Good Time" credits, which is a different provision from the FSA Earned Time Credits that falls under the judicial framework like supervised release and parole. This contradicts the BOP's stance in their interpretation of this section. Furthermore, putting into context the BOP's Program Statement 5880.28, "administrative purposes" refers to actions or procedures carried out for the management and organization of the BOP's operations. This can include activities related to record-keeping, compliance with regulations, internal reviews, or any other non-judicial functions necessary for the day-to-day administration of the prison system. For example, something done for "administrative purposes" might involve collecting information, conducting assessments, or making decisions that are necessary for internal functioning of the prison, but that don't directly affect an inmate's legal status or rights. According to this statement, the BOP aggregates sentences for "administrative purposes" which, in turn, should not interfere with judicial functions such as the application of FSA credits. As such, this points out the significant inconsistencies between the BOP's actions and its own policies.

Nowhere in the First Step Act did Congress state anything about a single,

aggregate sentence. "[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others," which is, "that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-54, 112 S. Ct. 1146, 117 L. Ed. 2d 391 (1992). The Court should follow the canon here given the clear wording of the pertinent FSA provision. "When the words of a statute are unambiguous, then, this first canon is also the last; judicial inquiry is complete." Id. at 254.

Petitioner received two sentences. One sentence for his drug offense in violation of §841 and another consecutive sentence for his possession of a firearm offense in violation of §924(c). As far as the BOP's "aggregate sentence" under §3584 argument is concerned, even the Supreme Court stated that, "an aggregate prison term comprise[s] separate sentences for multiple counts of conviction." Dean v. United States, 581 U.S. 62, 137 S. Ct. 1170, 197 L. Ed. 2d 490 (2017). The Eleventh Circuit has even, "decline[d] to adopt such a broad reading of the [§3584] statute," as it would essentially rewrite the statute to expand to all purposes. United States v. Llewlyn, 879 F.3d 1291, 1295 (11th Cir. 2018) (quoting United States v. Parker, 472 Fed. Appx. at 417 (7th Cir. 2012) ("concluding that consecutive sentences may be aggregated by the BOP for administrative purposes, but remain distinct terms of imprisonment" imposed for separate convictions.). Therefore, if Congress intended to refer to "aggregate sentences" it would have made that explicit. By not referring to aggregate sentences, this Court can infer that Congress intentionally chose not to use that language. As such, Petitioner's convictions should be treated as 2 separate sentences.

There have been multiple cases that have been decided in recent years pertinent to Petitioner's situation. For example, in United States v. Shaw, No. 17-cv-216 (W.D. MO 2021), the court ruled in favor of the petitioner, allowing FSA credits to be applied to the remaining sentence after the completion of his §924(c) sentence. The court emphasized the rehabilitative purpose of the FSA and the need to apply the statute in a way that incentivizes inmate participation in programs that earn credits. In United States v. Clark, No. 19-cv-147 (E.D. KY 2021), the court granted the petitioner's request to apply FSA credits to their remaining sentence after completing his §924(c) sentence. The court found that the petitioner's remaining offense was non-disqualifying, and therefore, eligible for Earned Time Credits under the First Step Act. In United States v. Goodwin, No. 18-__

cr-116 (W.D. PA 2020), the court discussed the application of FSA credits to an inmate's sentence after completion of the mandatory portion of his §924(c) offense. The decision suggested that once the §924(c) sentence is fully served, the FSA credits could apply to the remaining non-§924(c) sentence. See also, <u>Pryor v. FCI Bennettsville</u>, No. 9:19-cv-01866-RMG (D. SC Mar. 13, 2020); <u>Henderson v. Streeval</u>, No. 7:20-cv-00013-GFVT (E.D. KY Mar. 5, 2020). These cases reflect situations similar to Petitioner where the courts have interpreted the FSA in a manner that favors applying FSA credits to the underlying non-disqualifying offense after a §924(c) sentence is completed. As such, the BOP's denial of Petitioner's claim does not coincide with the current climate reflected by the decisions made by the federal courts.

Given the Supreme Court's stance in <u>Loper Bright</u>, as well as, the overturning of the <u>Chevron</u> Doctrine, the BOP's refusal to apply FSA Earned Time Credits to Petitioner's remaining sentence is unjustifiable. Petitioner has already served his consecutive sentence for his §924(c) conviction as of 2019 and the application of the FSA credits to his underlying drug offense should result in an immediate release or significant reduction in his remaining sentence. Included is his FSA Time Credit Assessment (See Exhibit) in which shows the amount of credits he has earned and would be applied to his underlying offense if he was eligible.

## CONCLUSION

For the reasons noted above, this Honorable Court should be persuaded to acknowledge that the eligibility provision of the FSA is intended to apply to individuals who have completed their §924(c) sentences. The Court should find that the Warden and the BOP violated the First Step Act by failing to apply Earned Time Credits to Petitioner's underlying offense after completing his §924(c) sentence. As such, Petitioner respectfully requests this Court to grant his Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241 and order the BOP to apply the FSA credits to his respective sentence for the underlying drug offense, thereby providing him the relief he is seeking.

This Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241 and the accompanying memorandum of law as well as the statements contained herein are submitted under penalty of perjury in accordance with 28 U.S.C. §1746. Respectfully submitted this 25th day of August 2024, by placing this motion insdde a sealed envelope bearing sufficient First Class pre-paid postage which was in turn placed in the prison mailbox system for onward transmission via the USPS.

By: _Berwin Marius_

Berwin Marius
Reg. No. 08115-104
Federal Correctional Complex
Coleman Camp
P.O. Box 1031
Coleman, FL 33521

## CERTIFICATE OF SERVICE

I hereby affirm a of this motion and its accompanying memorandum of law and exhibits were mailed on this 25th day of August 2024 to the following party:

Francesse Lucius Cheron
Assistant United States Attorney
Florida Bar No. 111618
U.S. Attorney's Office
500 East Broward Boulevard, Suite 700
Fort Lauderdale, FL 33394

By: _____
    Berwin Marius

**Administrative Remedy No. 1175201-A2**
**Part B - Response**


This is in response to your Central Office Administrative Remedy
Appeal, wherein you request to be eligible to earn and apply
Federal Time Credits (FTC) under the First Step Act (FSA).
Specifically, you claim that your charge under 18 U.S.C. §
924(c)(1)(A)(i) is non-violent and therefore you should not be
precluded from FTC eligibility.  Additionally, you contend you
were sentenced on multiple charges, ordered to run consecutive,
and you have already finished your sentence for the 18 U.S.C. §
924(c)(1)(A)(i) charge.  For relief, you request application of
FTC and adjustment of your current sentence.

We have reviewed documentation relevant to your appeal and,
based on the information gathered, concur with the manner in
which the Warden and Regional Director responded to your
concerns at the time of your Request for Administrative Remedy
and subsequent appeal.  The passage of the First Step Act of
2018 allows eligible prisoners to receive FTC for the successful
participation in recidivism reduction programs or productive
activities.  An eligible prisoner means the prisoner is not
currently serving a sentence for a conviction that is on the
list of ineligible offenses as listed in the FSA and 18 U.S.C. §
3632(d)(4)(D).  In your case, your conviction for Possession of
a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C.
§ 924(c)(1)(A)(i), precludes you from eligibility.  This
preclusion applies to your entire commitment, not the individual
terms of imprisonment.

Pursuant to Program Statement 5880.28, <u>Sentence Computation
Manual (CCCA of 1984)</u>, and the provisions of Title 18 U.S.C. §
3584(c), multiple terms of imprisonment ordered to run
consecutively or concurrently shall be treated for
administrative purposes as a single, aggregate term of
imprisonment.  Accordingly, your assertion that the sentences
are separate and that FTCs can be applied separately to the
individual terms of imprisonment is incorrect.

Considering the foregoing, your appeal is denied.


  July 24, 2024
Date

*T. Barnett*

Timothy Barnett, Administrator
National Inmate Appeals

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: | MARIUS, BERWIN | 08115-104 | F-3 | FCC COLEMAN CAMP |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

I recently received my response from the Regional Office for my BP-10 Regional Administrative Remedy Appeal, Remedy ID No. 1175201-R1, for which the dates were not accurate. I received the response on June 12, 2024, but filed the BP-10 on October 1, 2023. I am not satisfied with the response. Program Statement says a 924(C) does not automatically hinder an inmate from receiving FSA time credits. The Program Statement also says that an inmate just can not receive credits while serving the 924(C) sentence. See United States v. Llewlyn, 879 F.3d 1291, 1296-97 (11th Cir. 2018); also United States v. Clarke, 499 F. Appx. 579 (7th Cir. 2012).

(SEE CONTINUATION PAGE)

| 06/24/2024 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

RECEIVED
JUL 17 2024
Administrative Remedies
Federal Bureau of Prisons

| | |
|---|---|
| DATE | GENERAL COUNSEL |
| ORIGINAL: RETURN TO INMATE | CASE NUMBER: 1175201-A2 |

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |

UPN LVN

PRINTED ON RECYCLED PAPER

BP-231(13)
JUNE 2002

BERWIN MARIUS       REG. NO. 08115-104       BP-11 CONTINUATION PAGE       06/24/2024

Inmate Marius was sentenced to a consecutive sentence of drug and gun offenses.[i] Marius completed the gun charge sentence, under 18 U.S.C. §924(C), in 2019. Marius is now currently serving his sentence for drug offenses under 21 U.S.C. §841(A)(1)(B)(1)(A)(ii), which are nonviolent offenses and are eligible for the First Step Act Federal Earned Time Credits.

In response to the Informal Resolution, the categorization of offenses in the BOP Program Statement is that 18 U.S.C. §924(C)(1)(A), Possession of a firearm in furtherance of a drug trafficking crime, is not a "crime of violence" which under the statute clearly constitutes two distinct offenses. In United States v. Briscoe, 724 F.2d Appx. 796, 799 (11th Cir. 2018) and Jackson v. United States, F.2d 679 (1th Cir. 1992), the Eleventh Circuit has clarified that, "a mandatory consecutive sentence under 924(C) must be served before any other sentence for the companion crime of violence or drug trafficking crime."

Berwin Marius

'Regional Administrative Remedy Appeal No. 1175201-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted October 17, 2023, wherein you are appealing the Warden's response to your request regarding your eligibility for the First Step Act.   As relief, you are requesting to have your First Step Act status changed from ineligible to eligible.

A review of your allegation determined the Warden's response adequately addressed the concerns raised in your Institutional Administrative Remedy.   You have a current conviction for violation of 18 USC 924(c) disqualifies you from meeting the criteria for eligibility to earn time credits under the First Step Act.   Inmates may not earn First Step Act time credits towards release for a current sentence for a disqualifying conviction as outlined in the First Step Act.   Multiple terms of sentences ordered to run consecutively or concurrently is treated as a single aggregated combined term of sentence.

Please continue to work closely with Unit Team at your current facility to provide you with additional guidance regarding First Step Act eligibility.

Accordingly, your Regional Administrative Remedy Appeal is denied.   If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534.   Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

3/14/23
Date

Regional Director, SERO

Rec'd 6/12/24
(352-684)
5162

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: | Berwin. Marius | 08115-104 | F3 | Coleman Camp |
|---|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

As stated in the previous BP-9, I am seeking relief in regards to my aggragated sentence. I am seeking my FSA credits, I have already completed my 924(c) sentence, and I am now serving my eligible drug sentence. I have complied with all rules and regulations in regards to the Administrative Remedy Process. Coleman on the other hand has not. I received my receipt on my BP-9 on August 16th, 2023 and I waited on the response that was due on September 5th, 2023, on September 15th, 2023, I received an EXTENSION OF TIME FOR RESPONSE stating that the response would come by September 25th, 2023. Today is October 1st, 2023, I am pressing forward with this BP-10 due to the fact that the window of time is not being held accountable on their part. Everyday that this isn't resolved is another day that is extending my time away from my family. I will attach all BP's once made available by Coleman. Thank You for your time and understanding.

Regards,
Berwin Robert Marius
08115-104

10/1/23
DATE

*Berwin Marius*
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

OCT 1 7 2023

Regional Counsel
Southeast Regional Office

_____          _____
DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 1175201-Z1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

_____          _____
DATE                                        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN          PRINTED ON RECYCLED PAPER          BP-230(13)
JUNE 2002

**Response to Administrative Remedy Case Number:   1175201-F1**

This is in response to your Request for Administrative Remedy, received in this office on August 16, 2023, wherein you are requesting to be FSA eligible for your drug offense, and your sentence to be unaggregated.

An investigation into this matter was conducted and it has revealed Per Program Statement P5162.05 Categorization of Offenses, Section 3; Offenses Categorized as Crime of Violence indicates that an inmate could be denied the benefits of such programs if he was convicted of an offense listed.   According to your computation current obligation No:020, reflect you have offense code charge of 924(C)(1)(A)(I) POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME, 924 (c) is listed on the Categorization of Violence Offense.   Accordingly, you have been reviewed and determined not eligible for FSA/FTC due to your primary or prior offense that include violence and ineligible for the Federal Time Credits due to you charge of 924 C been listed in the Disqualifying Codes Offense for Federal Time Credit Eligibility.

Therefore, based on the above information, your Request for Administrative Remedy is **denied**.

If dissatisfied with this response, you may appeal to the Regional Director, 3800 Camp Creek Parkway, SW, Bldg. 2000, Atlanta, Georgia 30331-6226.  Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

_____                    _____
J. Gunther, Warden                           Date  09/29/23

Case 5:24-cv-00463-SPC-PRL   Document 1   Filed 08/30/24   Page 23 of 25 PageID 23

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Marius,Berwin | 08115-104 | T3 | ColemanSCP |
|-------|---------------|-----------|-----|------------|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

Requester(Marius) was sentenced to the BOP to a consecutive sentence for gun and drug offenses. Requester(Marius) completed the first consecutive sentence, under the 18 USC 924(c) in 2019. Requester(Marius) is now currently serving his sentence for drug offenses for 841(A)(1)(B)(1)(A)(ii), which are non-violent offenses and they are eligible for the First Step Act federal Earned Time Credits. In response to the informal resolution, the categorization of offenses is the BOP Program Statement are 924(c)(1)(A) Possession of a firearm in furtherance of a trafficking crime is not a "crime of violence" which under the statute clearly constitutes two distinct offenses. In United States v. Briscoe 724 F. Approx 796,799(11th Circuit 2018) and Jackson v. United States 976 F. 2d 679,682(11th Circuit 1992). The Eleventh Circuits has clarified that "a mandatory consecutive sentence under 924(c) must be served before any other sentence fo the companion crime of violence or drug trafficking offense.

DATE 3/13/23                                    _Berwin Marius_
                                                SIGNATURE OF REQUESTER

**Part B- RESPONSE**

See attached response.

_____

DATE                                    Rcvd August 16, 2023
                                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: 1175261-F1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____
DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

FPI-PEPR                                                        BP-229(13)

March 3 2018
Attachment A

## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.17 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

Berwin Marius          08115104          F3          _Berwin Marius_

**Inmate Name:**          **Register No.**          **Qtrs. /Unit**          **Inmate Signature**

1.  **Specific complaint**   (One 8 ½" x 11" continuation page may be attached):

I was sentenced under 924(c) on 06/24/15, I have completed my 924(c) sentence as of 09/24/19. I am seeking to be made FSA eligible for my drug offense, I am requesting for my sentence to be UN aggregated

2.  **What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?**

Reached out to my case manager And Unit manager

3.  **What action does the inmate wish to be taken to correct the issue?**

To Receive my FSA Ineligible changed to Eligible

**Correctional Counselor's Comments (including actual steps taken to resolve):**

According to Program Statement P5162.05 Categorization of Offenses. Section 3; Offenses Categorized as Crime of Violence indicate that an inmate could be denied the benefits of such programs if he was convicted of an offense listed.   According to you computation current obligation No:020, reflect you have offense code charge of:924(C)(1)(A) (I) POSSESSION OF A FIREARM IN FURTHERANCE OF  A DRUG TRAFFICKING CRIME, 924 (c) is listed on the Categorization of Violence Offense.   Accordingly, you have been reviewed and determined not eligible for FSA/FTC due to your primary or prior offense that include violence and ineligible for the Federal Time Credits due to you charge of 924 C been listed in the Disqualifying Codes Offense for Federal Time Credit Eligibility.   If you are not satisfied with the response, I would suggest continuing the Administrative Remedy Process.

_(signature)_                    8/8/23                    **Staff Circle One:**
**Correctional Counselor**          **Date**          Informally Resolved    (Not Informally Resolved)

**Unit Manager's Review**

_(signature)_ M. Carr                    8/8/23
**Unit Manager**                    **Date**

**Distribution by Correctional Counselor:**

1. If complaint is informally resolved, maintain original on file in the Unit.

2. If complaint is **not** informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

|  | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date | 8/4/23 | 8/7/23 | 8/9/23 | 8/13/23 | 8/14/23 |
| Time | 8ᵒᵒ | 10ᵒᵒ | 12ᵒ | 2ᵒᵒ | 8ᵒᵒ |
| Counselor | _(sig)_ | _(sig)_ | _(sig)_ | _(sig)_ | _(sig)_ |

## FSA Time Credit Assessment
Register Number:08115-104, Last Name:MARIUS

**U.S. DEPARTMENT OF JUSTICE**                      **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number....: 08115-104 | Responsible Facility: COL |
| Inmate Name | Assessment Date.....: 08-07-2024 |
|   Last............: MARIUS | Period Start/Stop...: 12-21-2018 to 08-07-2024 |
|   First...........: BERWIN | Accrued Pgm Days....: 0 |
|   Middle..........: ROBERT | Disallowed Pgm Days.: 0 |
|   Suffix..........: | FTC Towards RRC/HC..: 0 |
| Gender............: MALE | FTC Towards Release.: null |
| Start Incarceration: 06-29-2016 | Apply FTC to Release: No |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 12-21-2018 | 08-07-2024 | ineligible | 0 |

  **FSA ineligible**

| Facility | Category | Assignment | Start | | Stop |
|---|---|---|---|---|---|
| COL | FSA | FTC INELIG | 04-23-2023 | 1054 | CURRENT |
| COL | FSA | INELIG AUT | 12-17-2019 | 1647 | CURRENT |

--- **FSA Assessment** ---------------------------------------------------------------

| # | Start | Stop | Status | Risk Assignment | Risk Asn Start | | Factor |
|---|---|---|---|---|---|---|---|
| 001 | 12-21-2018 | 01-18-2019 | ACTUAL | FSA R-LW | 04-28-2021 | 1845 | 10 |
| 002 | 01-18-2019 | 07-17-2019 | ACTUAL | FSA R-LW | 04-28-2021 | 1845 | 10 |
| 003 | 07-17-2019 | 01-13-2020 | ACTUAL | FSA R-LW | 04-28-2021 | 1845 | 15 |
| 004 | 01-13-2020 | 07-11-2020 | ACTUAL | FSA R-LW | 04-28-2021 | 1845 | 15 |
| 005 | 07-11-2020 | 01-07-2021 | ACTUAL | FSA R-LW | 04-28-2021 | 1845 | 15 |
| 006 | 01-07-2021 | 07-06-2021 | ACTUAL | FSA R-LW | 04-28-2021 | 1845 | 15 |
| 007 | 07-06-2021 | 01-02-2022 | ACTUAL | FSA R-LW | 04-28-2021 | 1845 | 15 |
| 008 | 01-02-2022 | 07-01-2022 | ACTUAL | FSA R-LW | 12-07-2021 | 1548 | 15 |
| 009 | 07-01-2022 | 12-28-2022 | ACTUAL | FSA R-LW | 06-04-2022 | 1240 | 15 |
| 010 | 12-28-2022 | 06-26-2023 | ACTUAL | FSA R-LW | 11-14-2022 | 2210 | 15 |
| 011 | 06-26-2023 | 12-23-2023 | ACTUAL | FSA R-LW | 04-23-2023 | 1050 | 15 |
| 012 | 12-23-2023 | 06-20-2024 | ACTUAL | FSA R-LW | 10-04-2023 | 2311 | 15 |
| 013 | 06-20-2024 | 12-17-2024 | ACTUAL | FSA R-LW | 12-28-2023 | 1126 | 15 |