UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BERWIN R. MARIUS,

      Petitioner,

v.                                Case No.:  5:24-cv-463-SPC-PRL

WARDEN, FCC COLEMAN - LOW,

      Respondent.
_____/

## ORDER

On August 30, 2024, Petitioner Berwin R. Marius filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he asserts that the Federal Bureau of Prisons ("BOP") has incorrectly determined he is ineligible from receiving the benefits of earned time credits under the First Step Act ("FSA"). (Doc 1).  In its response, Respondent contends the petition should be denied because Marius is ineligible for earned time credits due to his conviction, and he is serving a single, aggregate sentence that includes an ineligible offense. (Doc. 6).   Marius filed a reply.   (Doc. 7).

## Background

Marius pleaded guilty to possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (count two), and possessing a firearm

in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count three). *United States v. Marius*, No. 1:15-cr-20529, Docs. 302, 303 (S.D. Fla. Apr. 15, 2016). He was sentenced on June 29, 2016, to a total of 181 months' imprisonment: 121 months on count two and 60 months on count three to run consecutively. *Id.*, Doc. 363.

Marius claims the BOP has incorrectly determined he is ineligible to earn credits under the FSA. Specifically, he claims he has already served the five-year sentence for his § 924(c) offense and should be eligible for earned time credits for the sentence imposed for count one. (Doc. 1 at 9–15). Respondent contends that the petition should be denied because Marius is not eligible for credits under the FSA due to his § 924(c) conviction and because he is serving a single, aggregate sentence. (Doc. 6). In reply, Marius asserts the Respondent "misapplies the statute, misconstrues procedural provisions under § 3584(c), and contradicts the FSA's rehabilitative objectives." (Doc. 7 at 1).

## Analysis

The Supreme Court has recognized that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The FSA directed the Attorney General to develop and release a system for assessing the risk and needs of prisoners. *See* 18 U.S.C.

§ 3632(a). Relevant here, the FSA requires the BOP to assign prisoners to appropriate evidence-based recidivism reduction programs or productive activities based on an individualized risk and needs assessment. *See* 18 U.S.C. §§ 3621(h)(1)(A), 3632(a)–(b). A prisoner who successfully completes these programs earns additional time credits. 18 U.S.C. § 3632(d)(4)(A). However, prisoners are not eligible to receive these earned time credits if they have been convicted under any of sixty-eight statutory provisions, including a conviction under § 924(c), a conviction for which Marius pleaded guilty and was sentenced. 18 U.S.C. § 3632(d)(4)(D)(xxii). Thus, Marius is ineligible to earn FSA credits due to his § 924(c) conviction.

Additionally, "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Provision of time credits, like those earned under § 3632, is an administrative function of the BOP. *See Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021) ("The BOP was permitted to aggregate Chambers's otherwise-consecutive sentences into a single unit for purely administrative purposes[.]"); *see also United States v. Llewlyn*, 879 F.3d 1291, 1295 (11th Cir. 2018) (describing "computing inmates' credit for time served" as the BOP's administrative duty).

The issue in this case is whether Marius, who under Eleventh Circuit precedent is considered to have first served his five-year sentence for his § 924(c) offense, is eligible to earn FSA earned time credits for the remaining sentence for offenses that are eligible for FSA earned time credits. *See U.S. v. Brundidge*, 170 F.3d 1350, 1354 (11th Cir. 1999) ("[A] Section 924(c) sentence must be served before a sentence for the underlying offense."). In a case involving this same issue, another court in the Middle District of Florida found:

> Because § 3632(d)(4)(D) addresses an inmate's eligibility to earn time credits, the provision of which is an administrative function, it follows that the word "sentence" cannot be defined without reference to § 3584(c)'s aggregation mandate. Therefore, the Court finds that Petitioner is serving a single, aggregated sentence that includes his [§] 924(c) conviction, rendering him ineligible to earn time credits for his entire term of imprisonment.

*Silva v. Warden, FCC Coleman-Low*, No. 5:22-cv-629-WFJ-PRL, 2024 WL 98212, at *2 (M.D. Fla. Jan. 9, 2024), *reconsideration denied sub nom*, 2024 WL 3597155 (M.D. Fla. July 31, 2024). The court further concluded that the plain language of § 3632 and § 3584 warranted this result. "The interaction of sections 3632 and 3584 is central to defining 'sentence' in § 3632." *Id.* Because the BOP must aggregate sentences for administrative purposes, § 3584(c), and calculating time credits is an administrative function, § 3632, an inmate is serving a single, aggregated sentence. *Id.*

The Court adopts the analysis in *Silva* that concludes awarding time credits is an administrative function and a sentence must be aggregated for administrative purposes. Thus, because Marius's aggregated sentence includes his § 924(c) conviction, he is ineligible for earned time credits. *See also Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023) ("Because Keeling is serving a sentence for a § 924(c) conviction, the district court correctly held that he is ineligible for earned time credits under the First Step Act."); *Sok v. Eischen*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) ("[W]e conclude that the district court did not err in denying Sok's petition, as the BOP correctly treated his prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits."). Additionally, because this conclusion is based on the unambiguous interpretation of the statutory provisions, the Court affords no deference to the BOP's interpretation of the statute. *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412, (2024) ("Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority[.]").

Because Marius is ineligible for earned time credits due to his § 924(c) conviction and the BOP correctly aggregates his sentence for administrative purposes, the petition is denied.[1]

Accordingly, it is now

**ORDERED:**

1. Marius's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED with prejudice**.

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions or deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 3, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OCAP-2
Copies: All Parties of Record

---

[1] The Court has carefully reviewed the record and determines that no evidentiary proceedings are warranted to resolve this petition. *Schriro v. Landrigan*, 550 U.S. 465 (2007). Marius does not proffer any evidence that would necessitate an evidentiary hearing, *Chandler v. McDonough*, 471 F.3d 1360, 1362–63 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. *Schriro*, 550 U.S. at 474.